## CLEMENCE v. HUDSON & M. R. CO.

(District Court, S. D. New York. August 13, 1925.)

Commerce ☞27(8)—Workman clearing débris prior to completion of stairway to be used in interstate commerce held not engaged in "interstate commerce."

Plaintiff's intestate, engaged in clearing up débris prior to completion of stairway to be built through a tube for use in permitting passengers or employees of railroad to reach street, held not engaged in "interstate commerce"; stairway before completion and employment for purpose intended being not connected with interstate commerce.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

At Law. Action by Juliana Clemence, as administratrix, against the Hudson & Manhattan Railroad Company. On motion to set aside verdict for plaintiff. Motion granted, and verdict directed for defendant.

John C. Robinson, of New York City, for plaintiff.

R. C. Goodale, of New York City (Walter G. Evans, of New York City, of counsel), for defendant.

GARVIN, District Judge. At the close of the trial a motion was made by defendant to set aside a verdict, which had been rendered by a jury in favor of plaintiff, for the sum of $21,000. The motion was denied. Thereafter the defendant requested that the court take the matter under advisement further, in order that the testimony might be written out and a brief submitted in behalf of the defendant, with an opportunity to plaintiff to submit a brief, if she so desired. The testimony has been transcribed and a copy furnished to the court with defendant's brief. No brief has been received from plaintiff. After careful consideration, I have reached the conclusion that the motion to set aside the verdict and dismiss the complaint should have been granted, or certainly a verdict directed for the defendant upon the whole case.

If plaintiff's intestate was not engaged in work connected with interstate commerce at the time of his death (assuming he was killed), plaintiff cannot recover. It appears from the testimony that plaintiff's intestate was clearing up débris prior to the completion of a stairway which was being built through a tube for use in permitting passengers or employees to reach the street in case of necessity. The tube had never been used for such a purpose, and therefore until the stairway was completed and employed for the purpose for which it was intended it could not be said to be connected with interstate commerce, under the authorities. There was some testimony from which it might be found that plaintiff was cleaning up a room just off the shaft; but it is clear. I think, from the entire record, that this clean-up work was necessary only because of the fact that the stairway was being constructed. Therefore, as the work upon which plaintiff's intestate was engaged was not interstate commerce, there can be no recovery.

In addition, it is exceedingly doubtful whether plaintiff has proved that the deceased came to his end as a result of a shock of electricity. Indeed (aside from the question of interstate commerce), I cannot escape the conclusion that plaintiff did not meet the burden of proof which she was required to assume by showing that her husband came to his death as a result of an electric shock. The decision, therefore, denying this motion, is recalled, and a verdict is directed for the defendant upon the whole case.

Plaintiff may have a stay of execution of 90 days, and 90 days to make a case on appeal, both running from the date of the filing of this opinion.